# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DIVISION OF TEXAS
# BEAUMONT DIVISION

No. 1:00-CR-151

United States of America

v.

Aldrick Lynn McCann

                                          Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed October 21, 2008, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States magistrate judge.

## I. The Original Conviction and Sentence

Defendant was sentenced on May 21, 2001, before The Honorable Richard Schell, U.S. District Judge of the Eastern District of Texas, after pleading guilty

to the offense of Felon in Possession of Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of VI, was 63 to 78 months. Defendant was subsequently sentenced to 66 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions financial disclosure; drug aftercare; anger management counseling; parenting classes; and a $100 special assessment.

## II. The Period of Supervision

On June 21, 2005, defendant completed his period of imprisonment and began service of the supervision term. On August 6, 2007, defendant's term of supervised release was revoked. Defendant was subsequently sentenced to 12 months imprisonment, to be followed by a 20-month term of supervised release. Defendant began service of his subsequent term of supervised release on May 16, 2008.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on October 21, 2008. The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Standard Condition: | Defendant shall report to the United States Probation Office as directed and provide a truthful and complete written report form each month while under supervised release. |
| Standard Condition: | Defendant shall notify the United States Probation Office immediately upon any change of residence. |

| Special Condition: | Defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. |
|---|---|

As grounds, the petition alleges that defendant failed to report to his probation officer on or about July 15, 2008, as instructed by his probation officer on June 16, 2008; defendant failed to report during July and August, 2008, as instructed; on August 15, 2008, defendant's probation officer traveled to defendant's residence and learned defendant had moved two months prior and his whereabouts were unknown; defendant was instructed on June 10, 2008 to report to individual drug counseling on June 16, 2008 and failed to do so; defendant also failed to participate in the drug treatment outpatient program as instructed for June, July and August, 2008 and failed to provide urine specimens or attend any individual or group sessions during July and August, 2008.

### IV. Proceedings

On March 31, 2009, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release. If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant would agree to plead "true" to the allegation that he violated a standard condition of supervised release by failing to report. In exchange for defendant's plea of "true," the court should revoke defendant's supervised release and impose 10 months imprisonment, with no term of supervised release thereafter. Further,

the government agreed to decline to proceed with remaining alleged violations of supervised release conditions.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a standard condition of supervised release by failing to report to the probation office as directed.

## V. Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision. The original offense of conviction was a Class C felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is 2 years. However, as defendant's original term of supervised release was revoked, and he was subsequently sentenced to 12 months imprisonment, the maximum term of imprisonment becomes 12 months.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a standard condition of supervised release by failing to report, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of VI, the guideline imprisonment range is 8 to 14 months. As defendant's original term of supervised release was revoked, and he was subsequently sentenced to 12

months imprisonment, the guideline imprisonment range becomes 8 to 12 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**Findings:**

Defendant pleaded "true" to the allegation that he violated a standard condition of supervised release by failing to report as directed. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release in the manner alleged in the petition. Defendant's violations are Grade C violations with policy guidelines suggesting 8 to 12 months imprisonment upon revocation.

**Conclusion and Justification:**

Defendant has demonstrated inability to adhere to conditions of supervision. Indeed, defendant has previously had his supervised release revoked and was placed back on a term of supervised release. Defendant did not comply with conditions of his subsequent supervision by failing to report to his probation officer as directed. As such, incarceration appropriately addresses defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration with no term of supervised release to follow.

## RECOMMENDATIONS

1. The court should find that defendant violated a standard condition of supervised release, by failing to report as directed, in the manner alleged in the petition.

2. The petition should be granted, and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of 10 months.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __3__ day of April, 2009.

_____
Earl S. Hines
United States Magistrate Judge